ABRAHAM VANDERBECK, appellant,

*v.*

JOHN B. HANKINSON et al., respondents.

On appeal from a decree advised by Advisory-Master Gummere, whose conclusions were as follows:

Vanderbeck *v.* Hankinson.

1. I find and determine that John B. Hankinson and wife executed the mortgage set forth in the complainant's bill, dated November 8th, 1875, and securing the principal sum of $12,000, with interest, upon a corrupt and fraudulent agreement with the complainant, that the mortgage should be placed upon record by the complainant when requested by said Hankinson, for the purpose of protecting the premises therein described from the creditors of said Hankinson, and of hindering, delaying and defrauding them in the collection of their debts, and that it was wholly without consideration at the time of its execution.

2. I find and determine that on March 21st, 1876, the complainant lent to the defendant Hankinson the sum of $3,000 solely upon his personal security, and took from him his promissory note of that date payable six months after date, with interest, as the evidence and sole security of said debt, and that on or about August 1st, 1876, and before said note became due, the defendant Hankinson delivered to the complainant the said mortgage, upon an agreement between them that the complainant should have the same recorded, and should hold the same as security for the payment of said promissory note for $3,000, and also to protect the mortgaged premises from the creditors of the said Hankinson, and to hinder, delay and defraud them in the collection of their debts, and that no new consideration moved from the complainant to the defendant Hankinson for the delivery of said mortgage.

3. I find and determine that the defendant Hankinson, on or about March 28th, 1877, procured the complainant to entrust the said mortgage to him for the purpose of raising money by negotiating an assignment thereof, for the payment of the said note for $3,000, and the interest thereon, and that the said Hankinson, whilst so holding the said mortgage, caused the same to be canceled of record, without the privity or authority of the complainant.

4. I determine, as matter of law, that the said mortgage of the complainant is void and of none effect as against the defendant Joseph Wells, and that the judgments and decree recovered by the said Wells against the said Hankinson and set forth in the

Mayor and Common Council of Hoboken *v.* Shannon.

answer of the said Wells, are liens upon the said mortgaged premises and are entitled to be paid and satisfied thereout before the payment thereout of the complainant's mortgage.

5. I determine, as matter of law, that the mortgage of the complainant is valid, as between the complainant and the defendant Hankinson, and that it is a valid and subsisting lien thereon to the amount of the principal and interest remaining due upon the aforesaid note for $3,000, and to that amount is entitled to be paid out of said mortgaged premises.

Let an interlocutory decree be prepared in conformity to these findings and referring it to a master of this court to ascertain and report the amount due the complainant, and the defendant Wells upon their aforesaid encumbrances.

*Mr. Frederick Voorhees,* for appellant.

*Mr. Mark R. Sooy,* for respondent.

PER CURIAM.
This decree affirmed.

For affirmance—THE CHIEF-JUSTICE, DIXON, KNAPP, MAGIE, REED, SCUDDER, VAN SYCKEL, CLEMENT, COLE, KIRK, PATERSON, WHITAKER—12.

For reversal—PARKER—1.